LILES, Acting Chief Judge.
The State of Florida Department of Transportation has petitioned this court for a writ of prohibition to prevent the Honorable W. Troy Hall, Jr., as Circuit Judge of the Circuit Court of Lake County, from entertaining jurisdiction of additional proceedings in Civil Action No. 889, Sidney J. Kilgore v. State Road Dept, of the State of Florida. A rule nisi in prohibition was issued and the respondent has filed his return.
The case of Sidney J. Kilgore v. State Road Dept., Civil Action No. 889, was an inverse condemnation action wherein Kil-gore demanded just compensation for the alleged taking of his property by the State. The State subsequently filed a motion to dismiss claiming Kilgore’s complaint failed to state a cause of action. The reason the *778 complaint failed to state a cause of action was that Kilgore had to first obtain title to the land in question through a quiet title suit, Civil Action No. 635, before instituting his inverse condemnation action No. 889. A joint hearing was held to determine the State’s motion to dismiss No. 889, and to decide the question of whether or not it was necessary to complete the quiet title suit No. 635, before continuing with the condemnation action No. 889. As a result of this hearing, the trial judge dismissed action No. 889, on September 19, 1967.
Approximately two years and three months later, on or about January 7, 1971, Sidney L. Kilgore filed a motion to set aside the order of dismissal entered in case No. 889. The grounds for the motion to set aside were that the order was entered by clerical mistake in that the court intended to dismiss the complaint filed in Civil Action No. 635, but mistakenly dismissed No. 889, and Kilgore never received a copy of the order of dismissal. On January 20, 1971, Judge Hall granted the motion to set aside the order of dismissal.
Mistakes such as occurred here are exactly the type which FRCP 1.540(a), 31 F. S.A. intends to cover. That rule reads in part:
“Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party after such notice, if any, as the court orders.”
See also Author’s Comment to Rule 1.540, 31 F.S.A. 229.
We feel Judge Hall committed no error in setting aside his order of dismissal, and the case should go to trial on the merits of the inverse condemnation action.
The rule is discharged, and the Suggestion for Writ of Prohibition is dismissed.
HOBSON and McNULTY, JJ., concur.